UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

HARRY THOMAS,

                        Plaintiff,

        v.                                          Case No. 26-cv-246-pp

JOHN DOE OFFICER 1, *et al.*,

                        Defendants.

**ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED
WITHOUT PREPAYING FILING FEE (DKT. NO. 2) AND SCREENING
COMPLAINT UNDER 28 U.S.C. §1915A**

Plaintiff Harry Thomas, who was incarcerated at Redgranite Correctional Institution and is representing himself, filed a complaint under 42 U.S.C. §1983, alleging that the defendants violated his constitutional rights. This decision resolves the plaintiff's motion for leave to proceed without prepaying the filing fee, dkt. no. 2, and screens his complaint, dkt. no. 1.

**I.      Motion for Leave to Proceed without Prepaying the Filing Fee (Dkt. No. 2)**

The Prison Litigation Reform Act (PLRA) applies to this case because the plaintiff was incarcerated when he filed his complaint. See 28 U.S.C. §1915(h). The PLRA lets the court allow an incarcerated plaintiff to proceed with his case without prepaying the civil case filing fee. 28 U.S.C. §1915(a)(2). When funds exist, the plaintiff must pay an initial partial filing fee. 28 U.S.C. §1915(b)(1). He then must pay the balance of the $350 filing fee over time, through deductions from his prisoner account. Id.

1

On March 18, 2026, the court ordered the plaintiff to pay an initial partial filing fee of $14.13. Dkt. No. 7. The court received that fee on April 9, 2026. The court will grant the plaintiff's motion for leave to proceed without prepaying the filing fee and will require him to pay remainder of the filing fee as he is able.

## II. Screening the Complaint

### A. Federal Screening Standard

Under the PLRA, the court must screen complaints brought by incarcerated persons seeking relief from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. §1915A(a). The court must dismiss a complaint if the incarcerated plaintiff raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b).

In determining whether the complaint states a claim, the court applies the same standard that it applies when considering whether to dismiss a case under Federal Rule of Civil Procedure 12(b)(6). See Cesal v. Moats, 851 F.3d 714, 720 (7th Cir. 2017) (citing Booker-El v. Superintendent, Ind. State Prison, 668 F.3d 896, 899 (7th Cir. 2012)). To state a claim, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts, accepted as true, to "state a claim for relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v.

2

Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. §1983, a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States, and that whoever deprived him of this right was acting under the color of state law. D.S. v. E. Porter C'nty Sch. Corp., 799 F.3d 793, 798 (7th Cir. 2015) (citing Buchanan–Moore v. C'nty of Milwaukee, 570 F.3d 824, 827 (7th Cir. 2009)). The court construes liberally complaints filed by plaintiffs who are representing themselves and holds such complaints to a less stringent standard than pleadings drafted by lawyers. Cesal, 851 F.3d at 720 (citing Perez v. Fenoglio, 792 F.3d 768, 776 (7th Cir. 2015)).

B.      The Plaintiff's Allegations

The plaintiff sues John Doe Officers 1 and 2, former Milwaukee County Sheriff Earnell Lucas, Milwaukee County, Waukesha County Sheriff Eric Severson and Waukesha County. Dkt. No. 1 at 3. The plaintiff alleges that on October 24, 2023, at 8:00 a.m., defendants John Does 1 and 2 executed an arrest warrant at 1657-1659 S. 34th Street, Milwaukee, Wisconsin. Dkt. No. 1 at 4. The warrant allegedly originated in Waukesha County. Id. at 2. The plaintiff states that when he exited his apartment door, John Doe 1 "used his ballistic shield as a battering ram against [the plaintiff's] head, striking [the plaintiff] so hard it caused dizziness, lightness of the mind, the injury so severe

3

it cut [his] head wide open, which resulted in blood pouring out of [his] head."
Id. at 4. The plaintiff states that he was then shoved through a window and
John Doe 2 applied plastic restraints so tightly that it cut off circulation to the
plaintiff's hand/arms and support officers couldn't insert scissors between the
restraints and his skin without causing further excruciating pain. Id.

The plaintiff states that the officers acted with deliberate indifference and
bad faith, because there was no immediate threat or danger and he did not
offer resistance. Id. at 2. The plaintiff states that Milwaukee County and
Waukesha County, through their Sheriff's Departments and SWAT teams,
maintained policies, customs or deliberate failures to train and supervise that
caused the unconstitutional use of force. Id. He asserts that the officers'
conduct is the direct result of (1) "Failure to train SWAT officers on proper use
of specialized defensive equipment;" (2) "Failure to supervise or discipline prior
excessive force conduct;" (3) "Policies or customs of warrant service that
encourage militarized, overly aggressive tactics even when unnecessary;" and
(4) "Lack of written or enforced standards governing when Milwaukee County
may use SWAT for another county's warrant and how force is to be applied
during joint-jurisdiction operation." Id. at 2-3.

For relief, the plaintiff seeks nominal, compensatory and punitive
damages. Id. at 4-5.

C.   Analysis

The court analyzes an arrestee's claim for excessive force under the
Fourth Amendment's objective reasonableness standard. Graham v. Connor,

4

490 U.S. 386, 388 (1989). "An officer's use of force is unreasonable if, judging from the totality of the circumstances at the time of the arrest, the officer uses greater force than was reasonably necessary to effectuate the arrest." <u>Gupta v. Melloh</u>, 19 F.4th 990, 996 (7th Cir. 2021) (quoting <u>Phillips v. Cmty. Ins. Corp.</u>, 678 F.3d 513, 519 (7th Cir. 2012)). The plaintiff's allegations that John Doe Officers 1 and 2 used unnecessary force when they arrested him implicates his constitutional rights. He states a Fourth Amendment claim against the unknown officers in their individual capacities.

The plaintiff also alleges that Milwaukee County and Waukesha County are liable for the excessive use of force because they "maintained policies, customs, or deliberate failure to train and supervise[.]" Dkt. No. 1 at 2. A local government such as a municipality or county "cannot be held liable solely because it employs a tortfeasor—or, in other words, a municipality cannot be held liable under § 1983 on a respondeat superior theory." <u>Monell v. New York City Dep't of Soc. Servs.</u>, 436 U.S. 658, 691 (1978). A municipality may "be held liable under § 1983 only for its own violations of federal law." <u>Los Angeles County v. Humphries</u>, 562 U.S. 29, 36 (2010) (citing <u>Monell</u>, 436 U.S. at 694). To demonstrate municipal liability, a plaintiff "must demonstrate that there was an 'official policy, widespread custom, or action by an official with policy-making authority [that] was the "moving force" behind his constitutional injury.'" <u>Estate of Perry v. Wenzel</u>, 872 F.3d 439, 461 (7th Cir. 2017) (quoting <u>Daniel v. Cook C'nty</u>, 833 F.3d 728, 734 (7th Cir. 2016)).

The plaintiff makes only the conclusory statement that Milwaukee County and Waukesha County had policies or customs of failing to train officers on proper uses of force, without factual substantiation. He does not allege that there were prior instances of unlawful use of force with ballistic shields, nor does he allege that the sheriffs knew that their officers needed training to prevent them from unlawfully using their ballistic shields. See Flores v. City of South Bend, 997 F.3d 725, 732-33 (7th Cir. 2021). The plaintiff has not stated a claim that his rights were violated based on a custom or policy. The plaintiff may not proceed against former Sheriff Lucas, Milwaukee County, Sheriff Severson or Waukesha County. The court will dismiss those defendants.

Because the plaintiff does not know the names of the Doe defendants he is suing, the court will add current Milwaukee County Sheriff Denita Ball as a defendant for the limited purpose of helping the plaintiff identify the names of the defendants. See Donald v. Cook C'nty Sheriff's Dep't, 95 F.3d 548, 556 (7th Cir. 1996). Sheriff Ball is not required to respond to the complaint. After Sheriff Ball's attorney files an appearance in this case, the plaintiff may serve discovery upon Sheriff Ball—by mailing it to her attorney at the address in his or her notice of appearance—to get information that will help him identify the names of the defendants. For example, the plaintiff may serve interrogatories (written questions) under Federal Rule of Civil Procedure 33 or document requests under Fed. R. Civ. P. 34. Because the plaintiff does not state a claim against Sheriff Ball, his discovery requests must be limited to information or

documents that will help him learn the real names of the defendants he is suing. The plaintiff may not ask Sheriff Ball about any other topic, and Sheriff Ball is not required to respond to requests about any other topic.

After the plaintiff learns the names of the people whom he alleges violated his constitutional rights, he must file a motion to substitute their names for the Doe placeholders. The court will dismiss Sheriff Ball as a defendant once the plaintiff identifies the defendants' names. After the defendants have an opportunity to respond to the plaintiff's complaint, the court will issue a scheduling order setting a deadline for both parties to conduct further discovery. At that point, the plaintiff may use discovery to get the information he believes he needs to prove his claims.

The plaintiff must identify the names of the Doe defendants within sixty days of Sheriff Ball's attorney filing a notice of appearance. If he does not, or does not explain to the court why he is unable to do so, the court may dismiss his case based on the plaintiff's failure to diligently pursue it. See Civil Local Rule 41(c) (E.D. Wis.).

### III.    Conclusion

The court **GRANTS** the plaintiff's motion for leave to proceed without prepaying the filing fee. Dkt. No. 2.

The court **DISMISSES** defendants Earnell Lucas, Milwaukee County, Eric Severson and Waukesha County.

7

The court **DIRECTS** the clerk's office to update the docket to add Sheriff Denita Ball as a defendant for the limited purpose of helping the plaintiff to identify the Doe defendants.

Under an informal service agreement between Milwaukee County and this court, the court will electronically transmit a copy of the complaint and this order to Milwaukee County for service on defendant Sheriff Denita Ball. The court **ORDERS** that Sheriff Ball must not respond to the complaint; however, she must respond to discovery requests that the plaintiff serves in an effort to identify the defendants' names. Sheriff Ball is not required to respond to discovery requests about any other topic.

The court **ORDERS** that the plaintiff must identify the defendants' names **within sixty days of Sheriff Ball's attorney filing an appearance in this case**. If the plaintiff does not identify the defendants' names by the deadline or advise the court why he is unable to do so, the court may dismiss this case based on his failure to diligently prosecute it.

The court **ORDERS** that the plaintiff must submit the original document for each of his filings to the court at the following address:

> Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 362 United States Courthouse
> 517 E. Wisconsin Avenue
> Milwaukee, Wisconsin 53202

DO NOT MAIL ANYTHING DIRECTLY TO THE JUDGE'S CHAMBERS. It will only delay the processing of the case.

8

The court advises the plaintiff that if he fails to file documents or take other required actions by the deadlines the court sets, the court may dismiss the case based on his failure to diligently pursue it. The court notes that according to the Wisconsin Department of Corrections Offender Detail, the plaintiff was release to extended supervision on April 14, 2026. <u>See</u> appsdoc.wi.gov/lop/details/detail. The plaintiff did not inform the court of his release. The parties are to notify the Clerk of Court of any change of address and the court advises the plaintiff that it is *his responsibility* to promptly notify the court if his mailing address changes. *The plaintiff's failure to keep the court advised of his address may result in the court dismissing this case without further notice.*

The court will include a guide prepared by court staff to address common questions that arise in cases filed by prisoners. Entitled "Answers to Prisoner Litigants' Common Questions," this guide contains information that the plaintiff may find useful in prosecuting his case.

Dated in Milwaukee, Wisconsin, this 9th day of July, 2026.

BY THE COURT:

_____

**HON. PAMELA PEPPER**
**Chief United States District Judge**

9